(No. 4418- )

CHRIST J. WEBER, ADMR., ET AL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 5, 1951.*

BALTZ AND GUYMON, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; CHARLES H. EVANS, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant states that on March 22, 1951 he was duly appointed administrator of the estate of Willard G. Weber, deceased, by the Probate Court of St. Clair County, Illinois. The said Willard G. Weber died on July 2, 1950, leaving certain specified heirs.

The death of the said Willard G. Weber was caused by injuries sustained by him while in the employ of the Commercial Transport, Inc. Said Willard G. Weber was driving a tractor-trailer unit for Commercial Transport, Inc., which overturned when a slab of the concrete road broke while the truck was passing over a weakened portion of the highway. Claimant alleges the negligence of the respondent in the maintenance of said highway in his complaint.

The record consists of the complaint, motion of respondent for an extension of time to file pleadings, order of Chief Justice granting motion for an extension of time to file pleadings, motion of respondent to dismiss, notice to call up motion to dismiss, and brief of claimant in opposition to motion to dismiss.

Respondent has filed its motion to dismiss the complaint herein, in accordance with the provisions of Section 29 of the Workmen's Compensation Act, for the reason that on its face both the deceased employee, Willard G. Weber, and the respondent were bound by the Workmen's Compensation Act.

Claimant, in his reply brief opposing the motion to

dismiss, claims this case presents an entirely different situation with respect to the manner in which the accident arose. He argues that in all cases he has examined relating to the cause of action against a third person, said cause of action arose out of a positive act of negligence committed by the third person, or his employee, such as the operation of a truck in a negligent manner upon a highway; the operation of a train in a negligent manner. Claimant further argues that his petition filed in this case alleges that the State of Illinois was negligent in the manner in which it kept in repair a public highway in the State of Illinois.

We find nothing in any of the sections of the Workmen's Compensation Act, which will support such a construction of the Workmen's Compensation Act as argued by claimant.

For the reasons stated, the motion of the Attorney General to dismiss is granted, and the complaint herein is hereby dismissed.